OPINION
Appellant Mohammed Alihassan appeals from the November 22, 1999, Judgment Entry of the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
Appellant Mohammed Alihassan ("appellant") operates Meadowbrook Beverage, a drive-thru retail store that sells beverages, lottery tickets and newspapers among other items, on property that he owns in the City of Alliance. The property, which is zoned B-1, adjoins appellee Mount Union College and is located at the northwest corner of the McKinley Avenue and State Street intersection. After operating his retail drive-thru store for approximately 22 years, appellant decided to tear down Meadowbrook Beverage and to redevelop the property into a new drive-thru establishment that also would sell gasoline and include a fast food restaurant. For this reason, appellant requested a zoning certificate from the City of Alliance's Zoning Inspector so that he could sell gasoline on the subject property. However, the Zoning Inspector denied appellant's request for a zoning certificate for the new establishment since service stations are prohibited in a B-1 zone. Thereafter, appellant filed an appeal of the Zoning Inspector's decision with the Board of Zoning Appeals (BZA). Appellant specifically sought a variance "for use to allow the retail sale of gasoline in a B-1 Zone." A meeting was scheduled for February 16, 1999, before the BZA. Notice of the meeting was sent to the adjoining landowners, including appellee Mount Union College. However, neither appellee Mount Union College nor any other adjoining landowner appeared at the February 16, 1999, meeting and spoke either in favor of or against appellant's request for a use variance. At the conclusion of the February 16, 1999, meeting, the BZA granted appellant's request for a use variance to permit the retail sales of gasoline in a B-1 zone. Subsequently, appellant sought site plan approval for his proposed new drive-thru from the City of Alliance's Planning Commission. At the same time, appellant requested that all of the parcels of land that he owned be replatted into one lot. Appellant's application for site plan approval was considered at the Planning Commission's March 17, 1999, meeting. Although advance notice of the meeting was published in the Alliance Review, a newspaper, no representative of appellee Mount Union College appeared at the March 17, 1999, meeting. At the conclusion of the meeting, the Planning Commission approved both the proposed replat of appellant's lots and appellant's proposed site plan. On April 15, 1999, appellee Mount Union College filed an administrative appeal with the Stark County Court of Common Pleas pursuant to R.C. Chapter 2506 of the BZA's February 16, 1999, decision and of the Planning Commissions's March 17, 1999, decision. Appellee Mount Union College, in its notice of appeal, alleged that: (1) it was directly and adversely affected by the decision of the BZA in granting appellant's application for a variance permit and by the Planning Commission's decision granting appellant's application for a replat and site plan, (2) that the approval of the zoning variance, replat and site plan violated the Alliance City Zoning Resolution and the City of Alliance's codified ordinances, (3) that such approval was improperly granted since appellant had failed to comply with the Alliance City Zoning Resolution and codified ordinances, and (4) that approval of the variance, replat and site plan was illegal, arbitrary, capricious, unreasonable, unlawful and unsupported by a preponderance of substantial, reliable and probative evidence. Appellee Mount Union College, on June 4, 1999, filed a brief with the trial court. Eighteen days later, appellant filed both a brief and a motion to dismiss appellee Mount Union College's appeal for want of jurisdiction. Appellant, in his brief, specifically alleged that appellee Mount Union College lacked standing to prosecute its appeal and that appellee Mount Union College failed to post the supersedeas bond required by R.C. 2505.06. Thereafter, the City of Alliance filed a brief on June 29, 1999. A supplemental brief and a memorandum in response to appellant's motion to dismiss were filed by appellee Mount Union College on July 7, 1999. The next day, appellee Mount Union College filed a "Memorandum in Response to Standing and Reply to Brief — City of Alliance." A supplemental brief in support of his motion to dismiss was filed by appellant on August 4, 1999. An evidentiary hearing was scheduled for September 17, 1999, on appellant's motion to dismiss. Pursuant to a "Stipulation of Facts" filed on September 30, 1999, the parties stipulated to the following facts: 1. An Agenda for meeting on Tuesday, February 16, 1999, which was dated February 9, 1999 directed to all Members of the Board of Zoning Appeals was mailed to Mount Union College, 1972 Clark Avenue, Alliance, Ohio 44601 by ordinary United States Mail as attached to the Brief of the City of Alliance, marked Exhibit "A" to Kathi Kibler's Affidavit and attached hereto as Exhibit I. 2. On Saturday, February 13, 1999 an Article appeared on page 9 in the ALLIANCE REVIEW as attached to the Brief of the City of Alliance, marked Exhibit "B" to Kathi Kibler's Affidavit and attached hereto as Exhibit II. 3. The minutes of the February 16, 1999 regular meeting and the March 3, 1999 Special Meeting were presented at the March 16, 1999 regular meeting of the Board of Zoning Appeals and approved. See Exhibit III attached hereto. 4. An agenda for meeting on Wednesday, March 17, 1999, which was dated March 5, 1999 directed to All members of Alliance City Planning Commission was mailed to the Alliance Review marked Exhibit "A" to Karen King's Affidavit and attached hereto as Exhibit IV. 5. No other mailings were made to Mount Union College concerning the proposal from either Kathi Kibler or Karen King.
As memorialized in a Judgment Entry filed on November 22, 1999, the trial court dismissed appellee Mount Union College's appeal with regard to the BZA's decision, finding that appellee Mount Union College lacked standing to appeal the use variance granted by the BZA "because Mount Union did not participate in the administrative proceedings it now seeks to reverse." However, the trial court overruled appellant's motion to dismiss appellee Mount Union College's appeal of the Planning Commission's decision for lack of standing, finding that Mount Union was not given proper notice and an opportunity to be heard "regarding the requested variance pertaining to setback requirements" and therefore was denied due process. The trial court also found that there was insufficient evidence to support the Planning Commission's decision "as the site plan does not comply with zoning setback requirements." For such reasons, the trial court reversed the decision of the Planning Commission. Furthermore, the trial court held that appellee Mount Union College was not required to post a supersedeas bond in accordance with R.C. 2505.06 since "the instant appeal is an appeal on question of law and, therefore, no bond was required". It is from the trial court's November 22, 1999, Judgment Entry that appellant prosecutes his appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN DENYING APPELLANT MOHAMMED ALIHASSAN'S MOTION TO DISMISS MOUNT UNION'S ADMINISTRATIVE APPEAL OF THE ALLIANCE, OHIO PLANNING COMMISSION'S APPROVAL OF MR. ALIHASSAN'S SITE PLAN.
 I
Appellant, in his sole assignment of error, challenges the trial court's denial of appellant's motion to dismiss appellee Mount Union College's administrative appeal of the Planning Commission's March 17, 1999, decision approving appellant's site plan. Appellant specifically contends, in part, that the trial court lacked jurisdiction in this matter since appellee Mount Union College lacked standing to pursue its administrative appeal. The first issue that must be addressed is whether appellee Mount Union College has standing to bring an administrative appeal of the Planning Commission's March 17, 1999, decision pursuant to R.C. 2506.01. R.C. 2506.01 provides, in relevant part, that "[e]very final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of a political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located . . ." Such section does not specify who has standing to bring an administrative appeal under R.C. 2506.01. However, the Ohio Supreme Court has considered the issue of standing to bring an administrative appeal under R.C. 2506.01. In Roper v. Bd. of Zoning Appeals, the Ohio Supreme Court held as follows: "A resident, elector and property owner of a township, who appears before a township Board of Zoning Appeals, is represented by an attorney, opposes and protests the changing of a zoned area from residential to commercial, and advises the board, on the record, that if the decision of the board is adverse to him he intends to appeal from the decision to a court, has a right of appeal to the Common Pleas Court if the appeal is properly and timely made pursuant to Sections 519.15 and 2506.01 to 2506.04, inclusive, and Chapter 2505, Revised Code." Roper v. Board of Zoning Appeals (1962),173 Ohio St. 168, syllabus. Nearly twenty years later, the Ohio Supreme Court cited to Roper in holding that an adjacent or contiguous property owner, in order to have standing to bring an administrative appeal under R.C. Chapter 2506, must have been directly affected by the decision of the administrative agency and must have actively participated during the administrative proceedings. Schomaeker v. First Nat'l Bank of Ottawa (1981), 66 Ohio St.2d 304. See also Willoughby Hills v. C.C Bar's Sahara, Inc. (1992), 64 Ohio St.3d 24 . Whether appellee Mount Union, as an adjacent or contiguous property owner, was "directly affected" by the decision of the Planning Commission must be initially addressed. "The `directly affected language' in Schomaeker merely serves to clarify the basis upon which a private property owner, as distinguished from the public at large, could challenge the board of zoning appeals' approval of the variance. The private litigant has standing to complain of harm which is unique to himself." See Willoughby Hills, supra. at 27. (Emphasis added.) Clearly appellee Mount Union, as an adjacent or contiguous property owner, was "directly affected" by the decision of the Planning Commission since it would suffer "unique harm" from the Planning Commission's decision. As appellee Mount Union noted in its brief to the trial court: "Appellant [Mount Union] will likely suffer `unique harm'. Appellant is the only abutting property owner that is affected 24 hours a day. The other property owners are businesses in a neighborhood business district alone B-1 and generally open 9 — 5 daily. Appellant, on the other hand, is a residential college with students, faculty and employees affected after the business hours of the other property owners. The health and safety of the students is put at risk when the variance, coupled with an oversized building, is allowed to exist."
As is stated above, pursuant to Schomaeker, supra., an adjacent or contiguous property owner, in addition to being "directly affected" by the decision of an administrative agency, also must have actively participated in the administrative proceedings. There is no dispute in the case sub judice that appellee Mount Union College did not appear at the March 17, 1999, Planning Commission meeting during which appellant's site plan was considered and, therefore, did not actively participate in the administrative proceedings. However, appellee Mount Union College maintains that it did not receive proper notice of the March 17, 1999, meeting and, therefore, could not have actively participated in the same. The issue, therefore, is whether appellee Mount Union College received proper notice of the March 17, 1999, meeting. Alliance Planning and Code Zoning Section 1145.04(c) provides that notice of the time and place of hearings "shall be. . . . by news release in the local newspapers." While the trial court in this matter found that notice of the March 17, 1999, Planning Commission meeting had been published in the Alliance Review prior to the meeting, the trial court held that such notice was insufficient. In so holding, the trial court stated in its November 22, 1999 Judgment Entry as follows: The Alliance Planning Commission met on March 17, 1999, and approved the site plan of Appellee. Although notice of the meeting was advertised in the newspaper, notice of the meeting was not issued directly to Mount Union. There are no provisions in the Alliance Zoning and Planning Code which would require that notice of Planning Commission meetings be given to adjoining property owners. It, however, was represented at the hearing that Mount Union had received notice of the hearing. Further, the Planning Commission in the instant case approved a site plan which was not in compliance with the Zoning Ordinance in that it did not meet applicable setback requirements. By approving plans which did not meet the applicable setback requirements the Planning Commission, in essence, granted a variance as to the setback requirements. Mount Union, as a contiguous property owner, was directly and uniquely affected by this decision. The Court finds that due process requires that Mount Union was not given the proper notice and an opportunity to be heard regarding the requested variance pertaining to setback requirements and, therefore, Mount Union was denied due process.
The trial court, therefore, denied appellant's motion to dismiss appellee Mount Union College's appeal of the Planning Commission's March 17, 1999, decision for lack of standing. The decision of the trial court denying appellant Alihassan's Motion to Dismiss is affirmed. There is an exception to the general rule set forth by the Ohio Supreme Court in Roper that for one to have standing to appeal from the decision of a commission, such as the one in the case sub judice, one must have participated in the proceedings before the commission. Adequate notice is a requisite to participation. Certainly if one received no notice of a hearing, participation would not be expected. Or, certainly if the notice given was inadequate pursuant to the procedure set forth by the political subdivision, then participation would not be expected. Tantamount to these situations are the following two situations: 1) the notice requests a remedy substantially different from the one granted by the tribunal (i.e. the written request and notice request a variance for the building of a storage barn, but a variance is granted to build an oil storage tank) and/or 2) the notice requests a remedy that the tribunal is not authorized to give (i.e. a zoning variance is granted by a tribunal which is not authorized to grant such). Participation before a commission cannot be required of a person in order to preserve the right to appeal the commission's decision when there is no reason for the person to expect the commission's decision from the notice received and/or from knowledge of the limits of the commission's authority. In other words, requiring participation to preserve the right to appeal presupposes sufficient notice to the participant. Therefore, in order to have standing to bring an administrative appeal under R.C. Chapter 2506, the adjacent or contiguous property owner must be directly affected by the decision of the administrative entity. In addition, he or she must have actively participated in the administrative proceedings unless he or she did not receive sufficient notice or the administrative entity exceeded its authority to act. While a writ of prohibition may be an option when an administrative entity exceeds its authority, a writ is an extraordinary remedy that may or may not be granted by the court. Allowing an appeal in the situations set forth above is more efficient and comports with due process. Appellant, in his brief before this court, also argues that the trial court erred in denying appellant's motion to dismiss since appellee Mount Union failed to file a supersedeas bond pursuant to R.C. 2505.06. Revised Code Section 2505.06 provides in part, as follows: "[n]o administrative-related appeal shall be effective as an appeal upon questions of law and fact until the final order appealed is superseded by a bond in the amount and with the conditions provided in sections 2505.09 and 2505.14 of the Revised Code, and unless such bond is filed at the time the notice of appeal is required to be filed.
"Appeal on questions of law" means the review of a cause upon questions of law, including the weight and sufficiency of the evidence whereas "appeal on questions of law and fact" or "appeal on questions of fact" means a rehearing and retrial of a cause upon the law and the facts." See R.C. 2505.01(2) and (3). The trial court was correct in holding that the instant appeal is an appeal on questions of law. For such reason, appellee Mount Union was not required to post a supersedeas bond pursuant to R.C. 2505.06. See Adrian, Inc. v. Parrott (Nov. 30, 1990), Delaware App. N. 90-CA31, unreported.
Appellant's assignment of error is overruled. The Judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. and Wise, J. concur; concurs separately. Farmer, P.J. dissents.